IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME COFFEY, | ) | |
|     Petitioner, | ) | Civil Action No. 15-138 Erie |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| KENNETH CAMERON, et al., | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Jerome Coffey is a state prisoner in custody for crimes he committed in Philadelphia County. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a judgment of sentence imposed upon him by the Court of Common Pleas of Forest County for a summary offense he committed as a prison inmate. For the reason set forth below, it is respectfully recommended that the petition be summarily dismissed for lack of subject matter jurisdiction and that a certificate of appealability be denied. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases.

**II.    REPORT**

    **A.    Relevant Background**

Coffey is confined at the State Correctional Institution in Houtzdale, Pennsylvania. The records that are available to the public at the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us, of which this Court shall take judicial notice, establish that he is serving judgments of sentences imposed by the Court of Common Pleas of Philadelphia County.

1

During his incarceration, Coffey was charged in the Court of Common Pleas of Forest County with Aggravated Assault, Simple Assault, and Disorderly Conduct. On September 17, 2012, he was found guilty of the summary offense of Disorderly Conduct. The remaining counts were nolle prossed. On that same date, the Court of Common Pleas of Forest County imposed a sentence of "a $100.00 fine and cost of prosecution." [ECF No. 2 at 1]. See also Criminal Docket Sheet for Commonwealth v. Coffey, CP-27-CR-67-2011 (C.P. Forest).

In his petition for a writ of habeas corpus, Coffey challenges the Court of Common Pleas of Forest County's September 17, 2012, judgment of sentence. [ECF No. 2 at 1]. He claims that the Commonwealth committed a Brady violation for failing to disclose video surveillance footage. [ECF No. 2 at 5].

**B.    Discussion**

28 U.S.C. § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person **in custody pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Coffey is not "in custody pursuant to the judgment" of the Court of Common Pleas of Forest County because that court did not issue a custodial sentence. Since Coffey is not "in custody" as a consequence of the state court judgment that he is challenging in this case, his habeas petition must be summarily dismissed for lack of jurisdiction. United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 559-61 (3d Cir. 1971) (the petitioner was challenging a conviction on a count for which the sentence was suspended; although he was imprisoned on other counts, the federal court lacked jurisdiction over his habeas petition since he was not detained pursuant to the conviction he was challenging); Wells v. Varner, 392 F.App'x 914, 917-19 (3d Cir.

2

2010) (the "in custody" prerequisite was not met because the petitioner, who was serving a life term for murder, was challenging a conviction on a count for which the sentence was suspended; quoting Dessus, 452 F.2d at 561, for the proposition that "this court is 'without jurisdiction to review a petition for habeas corpus where petitioner was given a non-custodial sentence.'"); Barry v. Bergen Co. Probation Dep't, 128 F.3d 152, 160 (3rd Cir. 1997) ("courts continue to recognize that this custody requirement is designed to limit the availability of habeas review to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate. Accordingly, several courts have held that the imposition of a fine or restitution does not constitute custody.") (internal citations and quotation marks omitted). See also Brian R. Means, Federal Habeas Manual § 1:3 (June 2015), available on Westlaw FEDHABMAN ("The custody requirement is jurisdictional.") (citing, *inter alia*, Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*)); id., § 1:20 ("The imposition of a fine does not satisfy the 'custody' requirement.")

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here,

3

jurists of reason would not find the decision to summarily dismiss the petition to be debatable. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

It is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Coffey is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 13, 2015

cc: The Honorable Barbara Rothstein