# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME COFFEY ) | |
| ) | |
| *Petitioner*, ) | CASE NO. 15-138-BR-SPB |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| KENNETH CAMERON, *et al*. ) | |
| ) | |
| *Respondents*. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is [2] the Petition for Writ of Habeas Corpus, and [7] Report and Recommendation of the Honorable Susan Paradise Baxter.

Petitioner is a state prisoner in custody for crimes he committed in Philadelphia County. During his incarceration, Petitioner was separately charged with Aggravated Assault, Simple Assault, and Disorderly Conduct. On September 17, 2012, the Court of Common Pleas of Forest County found him guilty of Disorderly Conduct and sentenced him to pay a $100.00 fine and the cost of prosecution. Dkt. #2.

Petitioner filed a petition for writ of habeas corpus challenging the September 17, 2012 judgment, in which he argues that Brady violations occurred. *Id.* More specifically, Petitioner claims that the District Attorney withheld exculpatory evidence in the form of a video surveillance footage. Dkt. #7.

Magistrate Judge Baxter has recommended that the petition be summarily dismissed for lack of subject matter jurisdiction and that a certificate of appealability be denied. Dkt. # 4. Although Petitioner has filed "objections" to the Report and Recommendation, this two-page

document does not challenge the Magistrate Judge's finding that no jurisdiction exists, but rather is a recitation of the alleged facts surrounding the Brady violation. Dkt. #7.

As explained in the Report and Recommendation, 28 U.S.C. § 2254(a) grants this court jurisdiction over "an application for writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." (emphasis added). Petitioner is not "in custody" pursuant to the September 17, 2012 judgment, as that sentence only involved payment of a fine and prosecution costs. Similarly, Petitioner is not alleging that he is "in custody in violation of the Constitution or laws . . . of the United States." As such, this court lacks jurisdiction to review the petition for a writ of habeas corpus.

Accordingly, the Court orders as follows:

(1) The Court ADOPTS the Report and Recommendation and finds that the Court lacks jurisdiction over Petitioner's petition for a writ of habeas corpus.

(2) No Certificate of Appealability will be granted.

(3) The Clerk of Court shall CLOSE this case; and

(4) The Clerk shall send copies of this Order the parties, and to Magistrate Judge Baxter.

**IT IS SO ORDERED.**

DATED this 13th day of October, 2015.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE